PORTELA, APPELLANT, v. THE REGISTRAR OF SAN JUAN, SECTION
2, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Deny-
ing Admission to Record of a Deed of Liquidation of a
Commercial Partnership.

No. 210.—Decided February 16, 1915.

CODE OF COMMERCE—SPECIAL LEGISLATION—REPEAL—CONSTRUCTION OF LAW.—
Section 269 of the Spanish Civil Code, which was in force in this island from
January, 1890, until the year 1902, when it was substituted by the Revised
Civil Code, did not repeal article 234 of the Code of Commerce, for, being
special legislation, it was not included in the common civil law of Spain.

ID.—PARTNERSHIP—CAPITAL—CONSTRUCTION OF LAW.—The provision of article
234 of the Code of Commerce is general, without exceptions or limitations,
of any kind, and includes all classes of commercial partnerships no matter
what kind of property composes the capital.

ID.—CONSTRUCTION OF LAW.—Article 234 of the Code of Commerce remained in
force in this island when the Spanish Civil Code went into effect, and this
was recognized in the case of *Calenti* v. *The Registrar of Caguas*, 14
P. R. R., 671.

ID.—AUTHORIZATION OF COURT—LIQUIDATION OF PARTNERSHIP—MINORS.—The
authorization of the court required by section 282 of the Revised Civil Code
is not necessary for the liquidation and distribution of the assets of a com-
mercial partnership even when a minor is interested, because of the pro-
visions of article 234 of the Code of Commerce.

AUTHORIZATION OF COURT—FAMILY COUNCIL.—Section 282 of the Revised Civil
Code makes no change except that of substituting the necessity of the author-
ization of the district court for that of the family council required by article
269 of the Spanish Civil Code in the cases therein enumerated.

REPEAL—CONSTRUCTION OF LAW.—Implied repeals are not favored by the courts,
and the intention to repeal the provisions of the Code of Commerce which
directly or indirectly are in conflict with the provisions of the Revised Civil
Code is not clearly expressed in the final provision of the latter code.

ID.—CONSTRUCTION OF LAW.—The repealing clause in section 3 of Act No. 33 of
March 9, 1911, amending section 282 of the Civil Code, does not repeal
article 234 of the Code of Commerce.

The facts are stated in the opinion.

*Mr. José G. Torres* for the appellant.

Mr. José Benedicto, the registrar, appeared by brief
*pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Deed No. 24 executed before Notary José G. Torres on March 8, 1914, for the liquidation of the partnership Successors of Sobrinos & Company having been presented in the Registry of Property of San Juan, Section 2, for record as to a rural property described under letters LL and allotted to Manuel Benito Portela, one of the partners, the registrar refused to admit the same to record for the reasons stated in the following decision:

"Admission to record of this instrument is denied as to the property allotted to Manuel Portela y Lomba and described under letters LL, which is the only title sought to be recorded, because Ignacio Lomba y Guerrero, the tutor of Josefa Lomba y Guerrero, has not obtained the proper authorization of the court to execute the said deed of liquidation in representation of the said minor. In lieu thereof a cautionary notice has been entered for the legal period on page 87 of volume 6 of Vega Alta and on page 10 of volume 12 of Vega Baja, properties Nos. 301 and 581, entry letters A, in which are set forth also the following curable defects: Failure to present the powers of attorney of José María Sobrino y Vicente and Manuel Otero y Lomba, referred to in the said instrument; failure to present the power of attorney of Eugenio Lomba y Sobrino, executed on April 9, 1913, before Notary José G. Torres in favor of Ignacio Lomba y Guerrero, for the purpose of executing the last extension of the liquidated partnership; failure to state the civil status of Diego, Manuela, and Andrés Lomba y Guerrero; failure to describe separately the tracts of land situated in each of the municipalities of Vega Alta and Vega Baja; failure to state on which of the two tracts constituting the whole of the property the houses are situated."

The above decision is submitted to our consideration by virtue of an administrative appeal taken therefrom by Manuel Benito Portela, who prays that it be reversed and that the court order the record to be made. He attacks the legal ground on which the registrar bases his refusal, but without making the slightest reference to the curable defects enumerated by the said official.

Let us examine the only legal question submitted to this court for consideration and decision, namely, whether the deed of liquidation should be recorded as to the property

described under letters LL in view of the fact that proper authorization to execute the same was not obtained on behalf of the minor Josefa Lomba y Guerrero, who is represented by a tutor.

The said instrument recites that by an agreement entered into on October 22, 1908, Manuel Benito Portela y Lomba, Eugenio Lomba y Sobrino, José María Sobrino y Vicente and Manuel Otero y Lomba formed a limited commercial partnership to do business in Vega Baja under the firm name of Successors of Sobrino & Company, Limited, for a period of four years; that first the partnership was extended to September 30, 1913, and then to January 31, 1914, and the duration of the partnership was not to be affected by the death of any of the active or special partners, but it should continue until the time limit unless previously dissolved by mutual consent. During the last extension the managing partner, Eugenio Lomba, died in Spain on November 9, 1913, leaving a will in which he named as his heirs his widow, Engracia Arias y Aristi, and Andrés, Diego, Manuela and Josefina Lomba y Guerrero and José and Ramón Lomba y Arias. The partnership continued to do business until the expiration of the last extension on January 31, 1914.

Manuel Benito Portela y Lomba, in his own right and also as attorney in fact of José María Sobrino y Vicente and Manuel Otero y Lomba, together with Ignacio Lomba, for himself and as the tutor of his minor sister Josefa and also as attorney in fact of Engracia Arias y Aristi, widow of Eugenio Lomba, who conferred upon him the power in her own name and as mother with *patria potestas* over her two minor children, Ramón and José Lomba y Arias, and also as attorney in fact of Diego, Manuela and Andrés Lomba y Guerrero, all of whom composed the testamentary succession of Eugenio Lomba y Sobrino, executed the said deed of March 8, 1914, for the liquidation of the partnership Successors of Sobrino & Company, Limited.

After setting forth in clause 12 of the said deed that the partnership assets of $83,134.58, less the liabilities of $24,334.46, amounted to $59,800.12 (*sic*) of which $32,040.97 was the share of Manuel B. Portela; $15,540.74 of Manuel Otero y Lomba; $9,418.12 of José María Sobrino, and $1,800 of the Succession of Eugenio Lomba, represented by Ignacio Lomba, the partition was made by allotting to Manuel B. Portela certain cash, cattle and real properties, among these a tract of land of 126.47 *cuerdas* designated in the inventory of the estate under the letters LL, this being the same property which was refused admission to record by the decision appealed from. Manuel Otero was allotted certain cash, merchandise and personal credits for his share; José María Sobrino certain merchandise, furniture and personal credits for his share, and the representative of the Succession of Eugenio Lomba was given a check for $1,800 on the *Banco Territorial y Agrícola de Puerto Rico* in payment of its share.

It was stated further in the eleventh clause of the deed that although the Succession of Eugenio Lomba was entitled to only $891.85 as the representative of the deceased, taking into account the irreparable loss suffered by the death of Don Eugenio, Portela for himself and in his representative capacity and the representative of the Succession of Eugenio Lomba, had agreed to award the latter $1,800 in payment of its share instead of the $891.85 which really was its share, deducting the difference of $908.15 from the allotment which should have been made to Manuel B. Portela, whose share was in this manner reduced to the said amount of $32,040.97 instead of $32,947.12, which really belonged to him.

In support of his prayer that the decision appealed from be reversed, the appellant cites article 234 of the Code of Commerce, while the registrar not only contends that the said article applies only to personal property, but is of the opinion that it was repealed by the Act of March 9, 1911, whose section 3 repeals all laws in conflict therewith.

Article 234 of the Code of Commerce, which was already in force in this island when the Spanish Civil Code was extended to it, reads as follows:

"In the liquidation of commercial associations in which minors or incapacitated persons are interested, the father, mother, or guardian of the latter, as the case may be, shall act with full powers, as though a private transaction were involved, and all the proceedings instituted and consented to by said representatives for their principals shall be valid and irrevocable without privilege of restitution and without prejudice to the liability the former may contract with regard to the latter by reason of their carelessness or negligence."

. This provision is general, without exceptions or limitations of any kind, and embraces all classes of commercial partnerships no matter what the property composing the capital may be.

The Spanish Civil Code, which was in force in this island from January, 1890, until the year 1902, when it was substituted by the Revised Civil Code, provides in article 269 that the tutor required authority from the family council, among other things, to alienate or encumber property constituting the capital of minors or incapacitated persons or make contracts or execute instruments subject to record, and to partition an inheritance or other property which the minor or incapacitated person owned in common.

That article did not repeal said article 234 of the Code of Commerce for the final provision contained in article 1976 of the Spanish Civil Code contains the following repealing clause:

"Article 1976.—All legal compilations, uses and customs which constitute the common civil law in all matters which are the object of this code are hereby repealed, and shall remain without force or effect either as direct obligatory laws or as supplementary law. This provision is not applicable to the laws which have been declared in force by this code."

As its wording shows, the said repealing clause refers to the codes, uses and customs which constitute the Spanish

common civil law in all matters treated of in the Civil Code, but does not affect the Code of Commerce, which, being special, is not included in the Spanish common civil law.

Article 234 of the Code of Commerce was in force in this island when the Spanish Civil Code went into effect.

It was recognized as in effect by this court in its decision of June 27, 1908, in holding in the case of *Celenti* v. *The Registrar of Property of Caguas,* 14 P. R. R., 671, that in accordance with the provisions of article 234 of the special Code of Commerce the guardian, Cándido Fariña y Sepúlveda, did not need the authority of the family council of his minor brothers and sisters for the dissolution and division of the firm of Successors of C. Fariña & Company, although the Registrar of Caguas held a contrary view.

The doctrine laid down in the said decision forces us to the conclusion that judicial authorization is also unnecessary for the liquidation and distribution of the assets of a commercial partnership in which a minor is interested, as in the present case. If this court held that the authorization of the family council was not necessary under the provisions of article 269 of the Spanish Civil Code because of the provisions of article 234 of the Code of Commerce, the authorization of the district court for the liquidation and distribution of the assets of a commercial partnership is also unnecessary for the same reason under the provisions of section 282 of the Revised Civil Code, for this section makes no change except that of substituting the necessity of the authorization of the district court for that of the family council required by article 269 of the Spanish Civil Code in the cases therein enumerated.

It may be urged, perhaps, that the final provision of the Revised Civil Code does not contain the same repealing clause as the Spanish Civil Code, for the former provision is drafted in more general terms, *i. e.,* that the Civil Code and all other laws or bodies of laws which directly or indirectly are in conflict with the provisions of said Revised

Civil Code are repealed and left without force or effect, both as laws directly binding and as supplementary law, but this provision is not applicable to the laws which in this revised code are declared to be continued in force.

The intention to repeal the provisions of the Code of Commerce which directly or indirectly are in conflict with the provisions of the Revised Civil Code, is not clearly expressed in the said final provision, and implied repeals of laws are not favored by the courts. It was the intention of the Legislature to revise the Civil Code then in force and not the special Code of Commerce. See *Ex parte Axtmayer,* 19 P. R. R., 378, and *Saldamando* v. *Valdecilla,* 20 P. R. R., 89.

The decision rendered by this court in the case of *Joglar* v. *The Registrar,* 17 P. R. R., 263, cannot be invoked in opposition to the decision it previously rendered in the case of *Calenti* v. *The Registrar, supra,* for the former case was for the dissolution of the partnership Sobrinos de Joglar and the assignment to another partner of rights and interests in the said partnership by a mother representing her minor son, whereas the present case is for the liquidation of the commercial partnership Successors of Sobrino & Company and the distribution of the partnership assets.

Act No. 33, amending section 282 of the Civil Code, approved March 9, 1911, reenacted that the tutor must obtain the authorization of the proper district court in order to alienate or encumber real property constituting the capital of minors or incapacitated persons, or to make contracts or execute instruments requiring recording and to partition an inheritance or other property owned by minors or incapacitated persons in common, and although section 3 of the said act provides that all laws in conflict therewith are repealed, article 234 of the Code of Commerce is not repealed thereby for the same reasons which lead us to hold that it was not repealed by the final provision of the Revised Civil Code.

For the foregoing reasons that part of the decision appealed from which denies the record sought should be reversed, leaving in force the part thereof relative to the curable defects.

*Reversed in part.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.